FILED

2014 Dec-11  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SAM A. VIRCIGLIO,                    ]
                                     ]
    Plaintiff,               ]
                                     ]
v.                                   ]   Civil Action No.:
                                     ]   2:12-cv-3738-AKK
WORK TRAIN STAFFING, LLC,            ]
et al.,                              ]
                                     ]
    Defendants.              ]

**FILED**

DEC 1 0 2014

UNITED STATES DISTRICT
NORTHERN DISTRICT OF ALABAMA
COURT

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, and the lawyers finish their closing arguments, you will go to the jury room and begin your discussions – what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by

1

prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately

the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Evidence that a witness has lied under oath is direct proof that the witness might alter the truth for her or his own benefit. If you believe

4

that a witness lied under oath during deposition testimony or at trial, you may consider disregarding that witness's testimony in whole or part.

In this case it is the responsibility of each party asserting a claim or a defense to prove every essential part of the  claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

In this case, the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from retaliating against

5

employees or former employees in the terms and conditions of their

employment. More specifically, the Plaintiff claims that Work Train

engaged in two acts of retaliation: (1) that Work Train unlawfully

retaliated against him by discharging him for complaining of age or

gender discrimination before he was discharged by Work Train; and (2)

that Work Train cancelled his insurance for January 2012 in retaliation for

him filing a charge of discrimination with the EEOC.

The Defendants deny that Work Train unlawfully retaliated against

the Plaintiff, or that Plaintiff complained of discrimination or engaged in

other protected activity immediately prior to the contemplation of

decision to end Plaintiff's employment.

I will now explain to you the law as it relates to Plaintiff's claims of

retaliation. Again, the Plaintiff alleges that the Defendants retaliated,

that is, took revenge against the Plaintiff because the Plaintiff had

previously taken steps seeking to enforce the Plaintiff's lawful rights

under Title VII of the Civil Rights Act of 1964 and the Age Discrimination

in Employment Act of 1967.

6

## Termination Claim

As it relates to the termination claim, you are instructed first that the laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation claim as to the termination, therefore, the Plaintiff must prove by a preponderance of the evidence:

First: That he engaged in statutorily protected activity, that

7

is, that he in good faith asserted objectively reasonable

claims or complaints of discrimination prohibited by

federal law;

Second:    That an adverse employment action then occurred;

Third:     That the adverse employment action was causally

related to the Plaintiff's statutorily protected activities;

and

Fourth:    That the Plaintiff suffered damages as a proximate or

legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be

asked to answer a series of questions concerning each of these factual

issues.

For the first element, Plaintiff claims that he engaged in protected

activity when he complained about age or gender discrimination prior to

his termination. This action is "protected activity" if it was based on

Plaintiff's good-faith, reasonable belief that Work Train discriminated

against him because of his age or gender. Plaintiff had a "good faith"

belief if he honestly believed that WorkTrain discriminated against him

8

because of his age or gender. Plaintiff had a "reasonable" belief if a reasonable person would, under the circumstances, believe that Work Train discriminated against him because of their age or gender. Plaintiff does not have to prove that Work Train actually discriminated against him because of his age or gender. But he must prove that he had a good-faith, reasonable belief that Work Train did so.

For the second element, Plaintiff claims that Work Train took an adverse employment action against him when Work Train discharged him. You must decide whether the discharge is an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable employee or former employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee or former employee would be less likely to complain about or oppose alleged discrimination because he knew that Work Train would discharge him, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee or former employee  to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

9

For the third element, if you find that Plaintiff engaged in protected activity and that Work Train took an adverse employment action against him, you must decide whether Work Train took that action because of Plaintiff's protected activity. Put another way, you must decide whether Plaintiff's protected activity was the main reason for Work Train's decision to discharge Plaintiff.

To determine that Work Train took an adverse employment action because of Plaintiff's protected activity, you must decide that Work Train would not have taken the action had Plaintiff not engaged in the protected activity but everything else had been the same.

Work Train claims that it did not discharge Plaintiff because of Plaintiff's complaints of age and gender discrimination and that it discharged him for other reasons. An employer may not take an adverse action against an employee or former employee because of the employee or former employee 's protected activity. But an employer may take an adverse action against an employee or former employee for any other reason, good or bad, fair or unfair. If you believe Work Train's reasons for its decision to discharge the Plaintiff, and you find that Work

10

Train did not make its decision because of Plaintiff's protected activity, you must not second guess that decision, and you must not substitute your own judgment for Work Train's judgment – even if you do not agree with it.

As I have explained, Plaintiff has the burden to prove that Work Train's decision to discharge him was because of Plaintiff's protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Work Train's decision to discharge Plaintiff was because of Plaintiff's protected activity, you may consider the circumstances of Work Train's decision. For example, you may consider whether you believe the reason[s] that Work Train gave for the decision. If you do not believe the reason[s] that it gave for the decision, you may consider whether the reason[s] was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Work Train's acts were the proximate cause of damages that Plaintiff sustained. Put another way, you must decide, if Work Train had not discharged Plaintiff, would these damages have occurred?

11

If you find that Work Train's acts were the proximate cause of damages that Plaintiff sustained, you must determine the amount of damages.

### Cancellation of Health Insurance

In order to establish the cancellation of health insurance claim, the Plaintiff must prove by a preponderance of the evidence:

> First:    That he engaged in statutorily protected activity;
>
> Second:    That an adverse employment action then occurred;
>
> Third:    That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and
>
> Fourth:    That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

For the first element, Plaintiff claims that he engaged in protected activity when he filed an EEOC charge. An employer cannot take adverse

action against an employee or a former employee for anything written in an EEOC charge. Thus, if the employee or former employee files an EEOC charge, filing that charge is activity that is protected under Title VII, and no "good faith" inquiry is necessary.

For the second element, Plaintiff claims that Work Train took an adverse employment action against him when Work Train cancelled his health insurance for January 2012. You must decide whether the cancellation of the health insurance is an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable employee or former employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee or former employee would be less likely to complain about or oppose alleged discrimination because he knew that Work Train would cancel his health insurance as result, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee or former employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Plaintiff engaged in protected activity and that Work Train took an adverse employment action against him, you must decide whether Work Train took that action because of Plaintiff's protected activity. Put another way, you must decide whether Plaintiff's protected activity was the main reason for Work Train's decision to cancel his health insurance for January 2012.

To determine that Work Train took an adverse employment action because of Plaintiff's protected activity, you must decide that Work Train would not have taken the action had Plaintiff not engaged in the protected activity but everything else had been the same.

Work Train claims that it did not cancel Plaintiff's health insurance for January 2012 because of Plaintiff's EEOC charge and that it did so for other reasons. An employer may not take an adverse action against an employee or former employee because of the employee or former employee 's protected activity. But an employer may take an adverse action against an employee or former employee for any other reason, good or bad, fair or unfair. If you believe Work Train's reasons for its decisions, and you find that Work Train did not make its decision to

14

cancel the health insurance for January 2012 because of Plaintiff's protected activity, you must not second guess that decision, and you must not substitute your own judgment for Work Train's judgment - even if you do not agree with it.

As I have explained, Plaintiff has the burden to prove that Work Train's decision to cancel his health insurance was because of Plaintiff's protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Work Train's decision to cancel the Plaintiff's health insurance for January 2012 was because of Plaintiff's protected activity, you may consider the circumstances of Work Train's decision. For example, you may consider whether you believe the reason[s] that Work Train gave for the decision. If you do not believe the reason[s] that it gave for the decision, you may consider whether the reason[s] was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Work Train's acts were the proximate cause of damages that Plaintiff sustained. Put another way, you must decide, if Work Train had not cancelled his health

insurance for January 2012, would these damages have occurred?

If you find that Work Train's acts were the proximate cause of damages that Plaintiff sustained, you must determine the amount of damages.

In considering the issue of the Plaintiff's damages either of Plaintiff's claims, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for

16

those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)   Net lost wages and benefits;

(b)   Emotional pain and mental anguish;

(c)   Punitive damages, if any (as

explained in the Court's instructions)

You are authorized to award $1 in nominal damages if you find for the Plaintiff but also find that his damages have no monetary value.

In addition, Plaintiff claims that WorkTrain willfully violated the law by terminating him or by cancelling his health insurance for January 2012 (or by taking both of these actions) in retaliation against Plaintiff for making a written complaint of age discrimination and/or filing an EEOC Charge containing allegations suggestive of age discrimination. You will only consider this issue if you find for Plaintiff on one or both of his retaliation claims and award him compensatory damages.

17

If WorkTrain knew that its actions violated the law, or acted in reckless disregard of that fact, then its conduct was willful. If WorkTrain did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard about whether the law prohibited its conduct, then its conduct was not willful.

Plaintiff also asks you to award punitive damages. The purpose of punitive damages is not to compensate Plaintiff but, instead, to punish Work Train for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Plaintiff and award him compensatory damages.

To be entitled to an award of punitive damages, Plaintiff must prove by a preponderance of the evidence that Work Train acted with either malice or with reckless indifference toward Plaintiff's federally protected rights to be free of retaliation under Title VII. Specifically, Plaintiff must show that an owner, manager, or employee of Work Train, acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Work Train gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Work Train acted with malice, Plaintiff must show that an owner, manager or employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Plaintiff anyway. To show that Work Train acted with reckless indifference to Plaintiff's federally protected rights, Plaintiff must show that an owner, manager or employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Plaintiff to an award of punitive damages; Plaintiff need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs

designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Work Train acted with malice or with reckless indifference to Plaintiff's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Work Train acted spitefully or malevolently; (2) whether Work Train showed a blatant disregard for civil legal obligations; (3) whether the person accused of discrimination was included in Work Train's decision making process concerning Plaintiff's discharge or cancellation of his health insurance for January 2012.

If you find that punitive damages should be assessed against Work Train, you may consider the evidence regarding Work Train's financial resources in fixing the amount of such damages.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the courtroom deputy Karen Humphrey who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

It is proper to add a final caution.

Nothing I have said in these instructions -- and nothing I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.

What the verdict shall be is your exclusive duty and responsibility.

Counsel will now be permitted to make closing argument.

I remind you once again that the arguments of counsel are not

evidence in this case. The court allows counsel to make closing arguments or summations to help you recall the evidence and to help you tie the evidence together. You should not substitute what the lawyers say about the evidence for your own recollection. Neither should you decide this case based on the eloquence of these attorneys and their arguments. You must decide the case solely based on your view of the facts as you find them to be from the evidence, and applying the law to those facts as I have instructed you.

Done this the 10th day of December, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE